O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAI LIU and JASON L. CARBONNEAU, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>SEALY, INC.; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-01215-MEMF-AS<br><br>**ORDER GRANTING REQUEST FOR JUDICIAL NOTICE [ECF NO. 15-1] AND DENYING MOTION TO REMAND [ECF NO. 10]** |

Before the Court is Plaintiffs' Motion to Remand, ECF No. 10, and Defendants' Request for Judicial Notice, ECF No. 15-1. For the reasons stated herein, the Court hereby GRANTS the Request and DENIES the Motion.

/ / /

/ / /

# INTRODUCTION

## I. Background[1]

### A. Factual Allegations[2]

Plaintiffs Kai Liu and Jason Carbonneau (collectively, "Plaintiffs") were hourly, non-exempt employees for Sealy, Inc. ("Defendant" or "Sealy"; together with Does 1-10, "Defendants") from approximately September 2019 through approximately January 2024 and from approximately July 2021 through approximately February 2024, respectively. Compl. ¶ 9–10. Both Liu and Carbonneau are California residents. *Id.* Defendants are business entities with their principal place of business in Los Angeles, California. *Id.* ¶¶ 12. As Sealy employees, Liu and Carbonneau typically worked in excess of eight hours in a workday and typically worked at least five days in a workweek. *Id.* ¶ 16.

Due to certain policies, practices, or procedures, Plaintiffs suffered various California Labor Code ("Labor Code") and California Business and Professional Code violations. *Id.* ¶¶ 17–23.

## II. Procedural History

Plaintiffs filed suit in Los Angeles County Superior Court on July 24, 2024. *See* ECF No. 1-4. Plaintiffs bring one claim under the Private Attorneys General Act ("PAGA"), alleging numerous Labor Code violations and Industrial Welfare Commission ("IWC") Orders. In particular, Plaintiffs allege that Defendants: (1) failed to pay minimum wages; (2) failed to pay overtime compensation; (3) failed to provide uninterrupted meal periods; (4) failed to authorize and permit rest breaks; (5) failed to indemnify necessary business expenses; (6) failed to timely pay final wages; (7) failed to provide accurate itemized wages statements; and (8) engaged in unfair business practices. *See generally* Compl. Plaintiffs bring this action on behalf of other similarly situated hourly, non-exempt Sealy employees. *Id*

Defendants filed an Answer to the Complaint on July 24, 2024. *See* ECF No. 1-7. Defendants removed the action to this Court on February 12, 2025, based on 28 U.S.C. § 1331 federal question jurisdiction. *See* ECF No. 1 ("NOR"). Plaintiffs filed the instant motion to remand on March 14,

---

[1] Plaintiffs filed a related lawsuit against Defendants asserting claims for identical wage and hour violations alleged in the instant case. *See Kai Liu et al v. Sealy Inc. et al*, No. 2:24-cv-05490-MEMF-AS.
[2] The following factual background is derived from the allegations in Plaintiffs' Complaint, ECF No. 1, Ex.1 ("Complaint" or "Compl."), except where otherwise indicated. The Court makes no finding on the truth of these allegations and includes them only as background.

2025. ECF No. 10 ("Motion" or "Mot."). Defendants filed their opposition on March 28, 2025. ECF No. 15 ("Opposition" or "Opp'n"). In support of their Opposition, Defendants filed a request for judicial notice. ECF No. 15-1. Plaintiffs filed their reply on April 3, 2025. ECF No. 17 ("Reply").

On May 8, 2025, the Court held a hearing on the Motion after circulating its tentative order. At the hearing, counsel for the Plaintiffs indicated that Plaintiffs wished to submit on the tentative.

## **REQUEST FOR JUDICIAL NOTICE [ECF NO. 15-1]**

Federal Rule of Evidence 201(b) allows a court to take judicial notice of facts that are not subject to reasonable dispute because they "(1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably be questioned." Fed. R. Evid. 201(b). Adjudicative facts that may be judicially noticed include "undisputed matters of public record," which differs from "disputed facts stated in public records." *Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002). Documents on file in federal and state court are undisputed matters of public record and therefore appropriate for judicial notice. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132-33 (9th Cir. 2012)

Defendants request this Court take judicial notice of the following documents in support of the Opposition:

1. The collective bargaining agreement ("CBA") with the Communication Workers of America/ International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers, Furniture Workers Division, Local 262, AFL-CIO in effect for employees at Sealy's Richmond, California location from May 1, 2023, through April 30, 2026 (ECF No. 1-2, Ex. A),
2. The CBA with the Communications Workers of America, PPMWS, IUE, TNG, AFL-CIO, CLC in effect for employees at Sealy's City of Industry, California location from October 16, 2022, through October 15, 2026 (ECF No. 1-2, Ex. C),

3. The 2025 Industrial Welfare Commission California Minimum Wage Order MW-2025 (ECF. No. 13-5),[3] and

4. The California Commercial Driver License of Plaintiff Kai Liu [redacted] (ECF No. No. 13-6).

*See* ECF No. 15-1. They also request that this Court take judicial notice of the minimum wage rates for the years 2023, 2024, and 2025, which are set forth within the IWC Order MW-2025. *Id.* The request is unopposed.

The Court may take judicial notice of California IWC Wage Orders as well as Plaintiff Liu's California Commercial Driver License. *See City of Sausalito v. O'Neill*, 386 F.3d 1186, 1223 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.") (citations omitted).

Because Plaintiff neither opposes Defendants' request nor disputes the validity of the CBAs, the Court finds both documents appropriate for judicial notice. *See, e.g.*, *Morris v. Clark Pac.*, No. 2:20-CV-01291 WBS, 2020 WL 6526248, at *3 (E.D. Cal. Nov. 5, 2020) (taking judicial notice of CBA where plaintiff did "not dispute the authenticity of the CBA, that he was a member of the Union, or that he was a covered employee according to the terms of the CBA when the allegations in his complaint took place"). As such, the Court GRANTS Defendants' request and takes judicial notice of these records.

## MOTION TO REMAND [ECF NO. 10]

I. **Applicable Law**

   A. **Timeliness of Removal under 28 U.S.C. § 1446(b)**

Title 28 U.S.C. § 1446(b)(1) requires a defendant to file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading, setting forth the claim for relief upon which such action or proceeding is based." However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading,

---

[3] The Court refers to the CBAs in the singular for simplicity's sake for the remainder of this Order.

motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).[4] The removal of class actions are governed by 28 U.S.C. § 1446. *See* 28 U.S.C. § 1453(b) ("A class action may be removed to a district court of the United States in accordance with section 1446.").

The Ninth Circuit has clarified that "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). Thus, "[i]f no ground for removal is evident" in the initial pleading, "the case is not removable at that stage." *Id.* (internal quotation marks omitted). When that is the case, "the notice of removal may be filed within thirty days after the defendant received an amended pleading, motion, order or other paper from which it may be ascertained from the face of the document that removal is proper." *Id.* (internal quotation marks omitted). The time to remove under the second 30-day starts when "a paper makes a ground for removal unequivocally clear and certain." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021).

**B.  Federal Question Jurisdiction Under Section 301 Complete Preemption**

A defendant may remove a state action to federal court if the federal court would have original subject matter jurisdiction over the action. 28 U.S.C. § 1441. Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Removal of a state action may be based on diversity or federal question jurisdiction. *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). A defendant who removes a case from state court bears the burden of establishing federal jurisdiction. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 682 (9th Cir. 2006). Failure to satisfy this burden militates remand. *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (citation omitted).

---

[4] The Court refers to the subsequent removal window under § 1446(b)(3) as the "second 30-day window" for clarity.

When determining whether an action involves a federal question, "a [district] court applies the well-pleaded complaint rule." *Moore-Thomas v. Ala. Airlines, Inc.*, 553 F.3d 1241, 1243 (9th Cir. 2009) (internal citations and quotations omitted). That rule provides that a federal question exists only when a "federal question is presented on the face of the plaintiff's properly pleaded complaint." *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 947 (9th Cir. 2014) (internal quotation marks omitted). Accordingly, "a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue'" *Id.* (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987)). Therefore, a "plaintiff can generally 'avoid federal jurisdiction by exclusive reliance on state law.'" *City of Oakland v. BP PLC*, 969 F.3d 895, 904 (9th Cir. 2020) (quoting *Caterpillar*, 482 U.S. at 392). A plaintiff may not, however, defeat removal by simply omitting necessary federal questions. *JustMed, Inc. v. Byce*, 600 F.3d 1118, 1124 (9th Cir. 2010).

i. <u>Complete Preemption</u>

Complete preemption is an "independent corollary to the well-pleaded complaint rule." *Retail Prop.*, 768 F.3d at 947 (internal quotation marks omitted). The doctrine "posits that there are some federal statutes that have such 'extraordinary pre-emptive power' that they 'convert[] an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id.* (quoting *Metro. Life Ins. Co. v Taylor*, 481 U.S. 58, 65 (1987)). "'When a plaintiff raises . . . a completely preempted state-law claim in his complaint, a court is obligated to construe the complaint as raising a federal claim and therefore arising under federal law.'" *Id.* (quoting *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 272 (2d Cir. 2005)). Like the well-pleaded complaint rule, complete preemption is "applicable to removal jurisdiction only; it is not a doctrine of defensive preemption." *Id.*

To support a finding of complete preemption, the preemptive force of the federal statute at issue must be "extraordinary." *Metro. Life Ins. Co.*, 481 U.S. at 65. For this reason, the doctrine is narrowly construed. *Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 668 (9th Cir. 1993). The Supreme Court has deemed § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §

1  185, which displaces any state cause of action for contracts violations between an employer and a
2  labor organization, one of the "extraordinary" statutes where Congress "has manifested an intent to
3  convert state-law claims into federal-question claims." *Id.* at 668 (citations omitted); *City of*
4  *Oakland*, 969 F.3d at 905 (internal quotation marks omitted).[5]

   Because Section 301's preemptive force extends to "questions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement," Section 301 preempts a state law claim so "inextricably intertwined" with the terms of a labor contract that resolution of the claim will require judicial interpretation of those terms. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210–11 (1985). It bears noting that "not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301." *Id.* at 211. When a state law provides rights that cannot be waived or modified by private contract, and if the rights can be enforced without resort to the express or implied terms of the contract, Section 301 preemption is inapplicable to claims brought under the relevant state law. *Id.* at 212 ("In extending the pre-emptive effect of § 301 beyond suits for breach of contract, it would be inconsistent with congressional intent under that section to preempt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract"); *see also Miller v. AT & T Network Sys.*, 850 F.2d 543, 545–46 (9th Cir. 1988).

   The Ninth Circuit has articulated a two-part test to determine whether state law claims are preempted by LMRA Section 301. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059–60 (9th Cir. 2007). First, the Court must determine whether the claim seeks "purely to vindicate a right or duty created by the CBA itself." *Curtis v. Irwin Indus.*, Inc., 913 F.3d 1146, 1152 (9th Cir. 2019) (internal quotation marks omitted). If the right exists solely under the collective bargaining agreement ("CBA"), then the claim is preempted; no further analysis is required. *Id.* at 1153. But if not, the Court must then assess "whether a plaintiff's state law right is substantially dependent on analysis of the CBA, which turns on whether the claim cannot be resolved by simply *looking to* versus interpreting the CBA." *Id.* (emphasis added). "At this second step, claims are only preempted to the

---

[5] The Court notes the other two "extraordinary" statutes—§ 502(a) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a) and §§ 85 and 86 of the National Bank Act, 12 U.S.C. 85, 86— are not relevant for the purposes of Plaintiffs' Motion.

extent there is an active dispute over 'the meaning of contract terms.'" *Id.* (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994)). A state law claim may avoid preemption if it does not raise questions about the scope, meaning, or application of the CBA. *Curtis*, 913 F.3d at 1153 (citations omitted).

                ii.       PAGA Penalties

PAGA provides for the recovery of civil penalties for violations of the Labor Code. Cal. Lab. Code § 2699. In other words, PAGA claims are based on underlying Labor Code violations. The Act provides in pertinent part:

> For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions as follows:
>
> (1)    If, at the time of the alleged violation, the person does not employ one or more employees, the civil penalty is five hundred dollars ($500).
> (2)    If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is as follows:
>       (A)    One hundred dollars ($100) for each aggrieved employee per pay period.

Cal. Lab. Code § 2699.

## III. Discussion

### A. Timely Notice of Removal

Plaintiffs argue that Defendants failed to file the NOR within the statutory deadline. More specifically, they argue that Defendants were aware that the Complaint presented a potential federal question yet waited over six months to remove this case. *See* Mot. at 13. Plaintiffs further assert that even if the Complaint did not trigger the initial 30-day removal window, Defendants' second 30-day removal window was initiated by their possession or filing of other papers throughout the course of litigation. *See* Reply at 2. They underscore Defendants' (1) possession of the CBA at issue, (2) Answer to the Complaint, and (3) Case Management Statement in the PAGA state action, indicating Defendants' belief that the Complaint is subject to preemption, all triggered the 30-day removal window under § 1446(b). *See Id.* at 4. The Court addresses these arguments in turn.

The Ninth Circuit has made clear that it "will not charge defendants with notice of removability until [they have] *received a paper* that gives them enough information to remove."

1  *Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 790 (9th Cir. 2018) (emphasis added). "[N]otice of
2  removability under § 1446(b) is determined through examination of the four corners of the
3  applicable pleading[], not through subjective knowledge or a duty to make further inquiry. *Harris*,
4  425 F.3d at 695. "If no ground for removal is evident in that pleading, … the notice of removal may
5  be filed within thirty days after the defendant *receives* an amended pleading, motion, order or other
6  paper from which it can be ascertained from the face of the document that removal is proper." *Id.*
7  (internal quotation marks omitted) (emphasis added).

8        The Court finds that Plaintiffs' Complaint did not provide sufficient ground to trigger
9  Defendants' first 30-day removal window. On its face, the Complaint alleges no breach of the CBA
10 or federal rights. *See generally* Compl. In fact, the CBA is not mentioned in the Complaint
11 whatsoever. *Id. Harris* dictates that "the ground for removal must be revealed affirmatively in the
12 initial pleading in order for the thirty-day clock under § 1446(b) to begin." 425 F.3d at 695. And
13 Defendants are under no obligation to inquire beyond the face of the Complaint to identify whether it
14 raised a federal question. As the Ninth Circuit has explained "even if a defendant could have
15 discovered grounds for removability through investigation, it does not lose the right to remove
16 because it did not conduct such an investigation." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d
17 1121, 1125 (9th Cir. 2013). As such, the Complaint did not provide notice of removability.

18       The Court is also unpersuaded by Plaintiffs' arguments that Defendants received "a copy of
19 an amended pleading, motion, order, or other paper from which it may first be ascertained that the
20 case is one which is or has become removable." *See* 28 U.S.C. § 1446(b)(3). Defendants' own prior
21 possession of the CBA and the Answer concern Defendants' subjective knowledge. They do not
22 clarify whether Defendants were put on notice of removability by Plaintiffs. *See Roth*, 720 F.3d at
23 1126 (holding that a "defendant's knowledge cannot convert a non-removable action into a
24 removable one such that the thirty-day time limit of § 1446(b)(1) or (b)(3) begins to run against the
25 defendant"); *see also Dietrich*, 14 F.4th at 1095 (9th Cir. 2021) (holding defendant's grounds for
26 removal were not "unequivocally clear and certain" until the plaintiff identified the grounds for
27 removal). Defendants' Case Management Statement also fails to trigger the second 30-day window.
28 Plaintiffs do not assert that at the time the Case Management Statement was made, Defendants

*received* any paper, amended pleading or otherwise, that provided unequivocal notice that there was a basis for removability. Accordingly, the Court finds that Defendants' NOR was timely filed under § 1446(b) and § 1446(b)(3).

### B. Federal Question Jurisdiction

Plaintiffs move to remand on the ground that Defendants fail to meet their burden to establish that the PAGA action is preempted under § 301 of the LMRA ("Section 301"). Plaintiffs argue that removal is inappropriate here because the wage and hour violations underlying the PAGA claim arise wholly under state law, and the Complaint makes no allegations whatsoever regarding violations of the CBA. *See* Mot. at 8. Plaintiffs also argue that no interpretation of the CBA's provisions or terms is required to resolve the PAGA claim, thus the rights at issue do not substantively depend on analysis of the CBAs. *Id.* at 9–11. Relatedly, Plaintiffs emphasize that any reliance on the CBA or Labor Code exemption under Section 514 to justify preemption are, in reality, affirmative defenses that do not support preemption under Section 301. *Id.* at 11.

Defendants argue that the PAGA claim is preempted under Section 301 because underlying Labor Code violations are preempted. *See* Opp'n at 11. Defendants also assert that any portion of the PAGA claim that is not preempted under Section 301 is subject to supplemental jurisdiction. *Id.* at 21–22.

#### i. Failure to Pay Overtime

Plaintiffs' PAGA is predicated, in part, on their allegation that Defendants failed to pay the overtime compensation to which they were entitled under Labor Code Section 510. Compl ¶ 6.[6] That statute sets forth the requirement that overtime work be compensated at a higher rate than an employee's regular rate of pay. Cal. Lab. Code § 510. Labor Code Section 514 provides an overtime exemption where a CBA "expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and regular hourly rate of pay for those employees of not less than 30 percent more than the state

---

[6] The parties do not dispute that Plaintiffs' PAGA claim is preempted under Section 301 when the underlying Labor Code claims are preempted. *See Curtis*, 913 F.3d at 1150 n.3 (noting that the PAGA claim was derivative of the predicate Labor Code violations, including an overtime claim, and could only succeed if the plaintiff prevailed on the predicate claims).

minimum wage." Cal. Lab. Code § 514. Defendants argue that the overtime requirements of Section 510 do not apply to Plaintiffs' overtime allegation here because the criteria for the overtime exemption under Labor Code Section 514 are satisfied by Plaintiffs' CBA. Opp'n at 12–13. Plaintiffs do not contest that the CBA in this case qualifies under Section 514. Rather, they argue that the Complaint alleges a single cause of action based solely on violations of state law that does not substantively depend on interpretating the CBA. *See* Mot. at 8. Plaintiffs also contend that any analysis of the CBA "has no import" on whether Defendants violated state law. *Id*. at 10.

The Court finds that *Curtis* governs here. In *Curtis*, the Ninth Circuit explicitly held that if a plaintiff's CBA meets the requirements of Section 514, their claim for overtime pay is controlled by their CBA, and their right to overtime exists "solely as a result of the CBA." 913 F.3d at 1152 (quoting *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016)). Like the plaintiffs in *Curtis*, the Plaintiffs' CBA here meets the requirements of Section 514. The CBA provided for wages hours and working conditions, ECF No. 1-2 at 5–9, 14, 22–23, 73–76, overtime premium wage rates for all overtime hours worked, *id*. at 8–9, and it prescribes regular hourly rates of pay of not less than 30% more than the state minimum wage rates during the claim period, ECF No 13–5. As such, Plaintiffs' PAGA claim, as it relates to the unpaid overtime Labor Code violation, is preempted under the first step of the preemption analysis because the CBA satisfies the requirements of Labor Code Section 514.

Plaintiffs attempt to distinguish *Curtis* because that case concerned a motion to dismiss and the plaintiff in *Curtis*, unlike here, conceded the applicability of the CBA. *See* Reply at 4–5, 8–9. The Court finds such arguments unavailing. Plaintiffs offer no reason why these distinctions are relevant to the preemption analysis or the Ninth Circuit's holding in *Curtis*. *See* 913 F.3d at 1154 ("Thus, if a CBA satisfies the requirements of section 514, the requirements of section 510(a) do not apply.") (internal quotation marks omitted).

Plaintiffs also argue that Defendants have not provided any evidence of the employees' actual wage rates through pay records. *See* Reply at 9. The Court is unpersuaded and makes no findings as to whether Plaintiffs were paid or not. *Curtis* clarifies that what is relevant for the purposes of the Labor Code Section 514 preemption analysis is whether the CBA satisfies the

1  criteria set forth in that statutory provision. As discussed above, it is clear that CBA in this case meet
2  those requirements.
3        Accordingly, Plaintiffs' PAGA claim arises from the CBA, not state law, and the claim is
4  therefore preempted by Section 301. As a result, this Court must construe their Complaint as having
5  raised a federal claim, providing this Court with federal question jurisdiction. *See Retail Prop.*, 768
6  F.3d at 947 ("Once an area of state law has been completely pre-empted, any claim purportedly
7  based on that pre-empted state law is considered, from inception, a federal claim, and therefore
8  arises under federal law.") (internal quotation marks omitted)).

          ii.    Supplemental Jurisdiction

10        Federal courts "have supplemental jurisdiction over all other claims that are so related to
11  claims in the action within such original jurisdiction that they form part of the same case or
12  controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).
13        The Court finds that the remaining predicate labor violation claims derive from the same
14  common nucleus of operative fact as Plaintiffs' unpaid overtime allegation. As such, the Court will
15  exercise supplemental jurisdiction over the entire PAGA action. *Kuba v. 1-A Agr. Ass'n*, 387 F.3d
16  850 (9th Cir. 2004) ("Nonfederal claims are part of the same case as federal claims when they derive
17  from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected
18  to try them in one judicial proceeding.") (internal quotation marks omitted).[7]

## CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. The Defendants' Request for Judicial Notice is GRANTED;
2. The Plaintiffs' Motion to Remand is DENIED;
3. The parties are ORDERED to meet and confer with respect to Plaintiffs' stated intention to seek leave to amend their complaint;

---

[7] At the hearing, counsel for the Plaintiffs inquired as to whether the Court would be willing to remand the matter if the unpaid overtime claim was dismissed. The Court declined to provide an advisory opinion on this issue given that, as stated, the Court has not reached the question of whether the other claims are preempted by Section 301. Counsel for the Plaintiffs also asked that the Court grant Plaintiffs leave to amend the complaint. The Court declined to grant leave in the absence of a stipulation or a fully briefed motion seeking leave to amend.

4. The parties are ORDERED to meet and confer with respect to whether and how the Court should address the parties' remaining disputes about Section 301 preemption with respect to the other claims—either through the pending Motion for Judgment on the Pleadings, ECF No. 13, or through a renewed Motion to Remand should the complaint be amended, or through some other mechanism.

5. The parties are ORDERED to meet and confer regarding Defendants' counsel's conflict with the current hearing date on the Motion for Judgment on the Pleadings, ECF No. 22; and

6. The parties are ORDERED to submit a joint statement to the Court on the foregoing issues by Friday, May 16, 2025.

IT IS SO ORDERED.

Dated: May 9, 2025

_____
MAAME EWUSI-MENSAH FRIMPONG
United States District Judge